UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00162-GNS

ROSA JANETH LANDERO BARRAGAN                                    PETITIONER

v.

SAM OLSON, Director of
Enforcement and Removal Operations,
Chicago Field Office,
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
PAMELA BONDI, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
COLONEL ARTHUR MAGLINGER, Warden, Jailer,
Daviess County Detention Center                                RESPONDENTS

**ORDER**

This matter is before the Court on the Petitioner's Petition for Writ of Habeas Corpus (DN 1).

For over twenty-five years, Petitioner Rosa Janeth Landero Barragan ("Landero Barragan"), who is a native and citizen of Mexico, has been in the United States. (Pet. ¶ 19, DN 1). On September 9, 2025, an Immigration and Customs Enforcement ("ICE") officer discovered that Landero Barragan had been booked into the Webster County Detention Center, and a Warrant for Arrest of Alien was subsequently issued for her. (Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 5-1; Resp't's Resp. Show Cause Order, Ex. 2, at 1, DN 5-2). She is currently housed at the Daviess County Detention Center ("DCDC"). (Pet. ¶ 12).

Landero Barragan filed the Petition for Writ of Habeas Corpus against Respondents: Sam Olson, Director of the Chicago Field Office of ICE's Enforcement and Removal Operations; Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); DHS; Pamela Bondi,

1

Attorney General of the United States; Executive Office for Immigration Review; and Colonel Arthur Maglinger ("Maglinger"), Jailer of the DCDC.[1]   (Pet. ¶¶ 20-25).   In the Petition, she challenges her continued detention and alleges that her detention violates the Immigration and Nationality Act and the declaratory judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.).[2]   (Pet. ¶¶ 26-31).   In their response to the show cause order, Respondents acknowledge that this matter involves the Section 1225/1226 issue addressed by the Court in other cases.   (Resp'ts' Resp. Show Cause Order 1, DN 5).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."   28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).   In seeking habeas relief, Landero Barragan bears the burden of proving by a preponderance of the evidence that her detention is unlawful.   *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

This Court has previously rejected Respondents' arguments that Landero Barragan is an arriving alien subject to 8 U.S.C. § 1225 when the catchall or default rule in 8 U.S.C. § 1226(a) applies to aliens like Landero Barragan already present within the United States.   *See Aquino v. Woosley*, No. 4:26-CV-00043-RGJ, 2026 WL 445033, at *2-9 (W.D. Ky. Feb. 17, 2026); *Colina-*

---

[1] "In Kentucky, the Jailer—a constitutionally elected county official—has 'custody, rule and charge of the jail' or detention center in his or her county and 'of all persons in the jail.'" *Moore v. Mason Cnty.*, No. 16-185-DLB-CJS, 2018 WL 4211732, at *1 (E.D. Ky. Sep. 4, 2018) (citing Ky. Const. § 99; KRS 71.020).   Therefore, as the jailer, Maglinger is responsible for the jail or detention center and has custody of any detainee while he or she is incarcerated at that facility.

[2] While Landero Barragan's reply raises due process arguments, no such claim is asserted in the Petition.   (Pet'r's Reply Show Cause Order 5-7, DN 8).

*Rojas v. Noem*, No. 4:26-CV-00037-RGJ, 2026 WL 412138, at *3-10 (W.D. Ky. Feb. 13, 2026); *Moran v. Noem*, No. 4:26-CV-00017-RGJ, 2026 WL 381605, at *3-9 (W.D. Ky. Feb. 11, 2026); *Salmeron v. Olson*, No. 4:25-CV-00198-RGJ, 2026 WL 324486, at *3-9 (W.D. Ky. Feb. 6, 2026); *Coronel-Hernandez v. Woosley*, No. 4:26-CV-00020-DJH, 2026 WL 227011, at *3-4 (W.D. Ky. Jan. 28, 2026); *Celis v. Woosley*, No. 4:25-CV-00189-RGJ, 2026 WL 181340, at *2-10 (W.D. Ky. Jan. 22, 2026); *Rodriguez v. Noem*, No. 4:25-CV-00176-RGJ, 2026 WL 116412, at *2-10 (W.D. Ky. Jan. 15, 2026); *Meza v. Lewis*, No. 4:25-CV-00171-RGJ, 2026 WL 92102, at *3-10 (W.D. Ky. Jan. 13, 2026); *Reyes-Godenes v. Lewis*, No. 4:25-CV-00169-RGJ, 2026 WL 74566, at *2-10 (W.D. Ky. Jan. 9, 2026); *Rodriguez v. Woosley*, No. 4:25-CV-00168-RGJ, 2026 WL 36345, at *3-10 (W.D. Ky. Jan. 6, 2026); *Ariza v. Noem*, No. 4:25-CV-00165-RGJ, 2025 WL 3722014, at *3-10 (W.D. Ky. Dec. 23, 2025); *Reyes-Martinez v. Woosley*, No. 4:25-CV-00150-RGJ, 2025 WL 3680330, at *4-11 (W.D. Ky. Dec. 18, 2025); *Ramirez v. Lewis*, No. 4:25-CV-00143-RGJ, 2025 WL 3553676, at *3-11 (W.D. Ky. Dec. 11, 2025); *Resendiz v. Noem*, No. 4:25-CV-00159-GNS, 2025 WL 3527284, at *3-6 (W.D. Ky. Dec. 9, 2025); *Aranda v. Olson*, No. 4:25-CV-00156-GNS, 2025 WL 3499061, at *3-6 (W.D. Ky. Dec. 5, 2025); *Mateo v. Noem*, No. 4:25-CV-00151-GNS, 2025 WL 3499062, at *4-7 (W.D. Ky. Dec. 5, 2025); *Edahi v. Lewis*, No. 4:25-CV-00129-RGJ, 2025 WL 3466682, at *5-13 (W.D. Ky. Nov. 27, 2025); *Singh v. Lewis*, No. 4:25-CV-00133-DJH, 2025 WL 3298080, at *4-5 (W.D. Ky. Nov. 26, 2025); *Navarrete v. Noem*, No. 4:25-CV-00157-DJH, 2025 WL 3298081, at *2-3 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-CV-00121-DJH, 2025 WL 3243837, at *2-3 (W.D. Ky. Nov. 20, 2025); *Del Villar v. Noem*, No. 4:25-CV-00137-GNS, 2025 WL 3231630, at *3-6 (W.D. Ky. Nov. 19, 2025); *Lopez v. Olson*, No. 3:25-CV-654-DJH, 2025 WL 3217036, at *3 (W.D. Ky. Nov. 18, 2025); *Alonso v. Tindall*, No. 3:25-CV-652-DJH, 2025 WL 3083920, at *4-8 (W.D. Ky. Nov. 4, 2025); *Guerra v. Woosley*, No.

4:25-CV-00119-RGJ, 2025 WL 3046187, at \*3-4 (W.D. Ky. Oct. 31, 2025); *Martinez-Elvir v. Olson*, No. 3:25-CV-00589-CHB, 2025 WL 3006772, at \*6-11 (W.D. Ky. Oct. 27, 2025); *Orellana v. Noem*, No. 4:25-CV-00112-RGJ, 2025 WL 3006763, at \*3-5 (W.D. Ky. Oct. 27, 2025); *Mejia v. Woosley*, No. 4:25-CV-00082-RGJ, 2025 WL 2933852, at \*4 (W.D. Ky. Oct. 15, 2025); *Ballestros v. Noem*, No. 3:25-CV-00594-RGJ, 2025 WL 2880831, at \*3-4 (W.D. Ky. Oct. 9, 2025); *Singh v. Lewis*, No. 4:25-CV-00096-RGJ, 2025 WL 2699219, at \*3 (W.D. Ky. Sep. 22, 2025); *Barrera v. Tindall*, No. 3:25-CV-00541-RGJ, 2025 WL 2690565, at \*2-5 (W.D. Ky. Sep. 19, 2025).  Therefore, Section 1226(a) applies to Landero Barragan.[3]

When individuals have been illegally detained by ICE, courts have ordered their release. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at \*6 (W.D. Ky. Oct. 3, 2025); *Barrera*, 2025 WL 2690565, at \*7; *see also Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at \*5 (D. Minn. Aug. 25, 2025).  "Habeas has traditionally been a means to secure release from unlawful detention . . . ."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020).  Consistent with these norms, Landero Barragan must be released, and if she is arrested and re-detained, she is entitled to a bond hearing on the merits under 8 U.S.C. § 1226 before a neutral immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (DN 1) is **GRANTED**.  Respondents are directed to release Petitioner Rosa Janeth Landero Barragan from custody **IMMEDIATELY**, and, in the event that she is arrested and re-detained, provide her with a bond hearing before a

---

[3] The Court declines to consider whether Landero Barra is entitled to relief under *Maldonado Bautista.  See Rodriguez v. Noem*, No. 4:25-CV-176-RGJ, 2026 WL 116412, at \*9 n.8 (W.D. Ky. Jan. 15, 2026) ("Although noteworthy, it is still not necessary for this Court to adopt the position of the Central District of California.  For now, the Court 'rests its decision' on the independent merits of Rodriguez's petition without relying on *Bautista*." (quoting *Santuario v. Bondi*, No. 25-4296 (JRT/JFD), 2025 WL 3469577, at \*2 n.4 (D. Minn. Dec. 2, 2025)).

neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents shall certify compliance with the Court's Order by filing on the docket no later than **5:00 PM CT today**.

2.    Upon receipt of the notice of compliance, the Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 25, 2026

cc:    counsel of record